BEHN BROTHERS ASSOCIATION, demandante y apelante, *v.* FÉLIX RODRÍGUEZ, demandado y apelado.

Núm. 7387.—*Sometido:* Enero 19, 1937. *Resuelto:* Marzo 18, 1937.

*Jaime Sifre, Jr.,* y *Raúl Benedicto,* abogados de la apelante; *Félix Rodríguez,* por su propio derecho.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

La corte de distrito, luego de celebrar un juicio sobre los méritos, declaró sin lugar un procedimiento de desahucio. El señalamiento de errores es al efecto de que la corte inferior cometió error al resolver que la parte del solar ocupado por el demandado no había sido suficientemente identificada y al declarar sin lugar la demanda.

El demandado había construído una pequeña casa de madera en parte sobre el solar de la demandante y en parte sobre una faja de terreno contigua perteneciente a El Pueblo de Puerto Rico. La demandante alegó que el demandado

ocupaba cien metros cuadrados del solar descrito en la demanda. La contención de la apelante es que la omisión de una descripción más específica del terreno ocupado por el demandado fué subsanada por la prueba.

Uno de los testigos de la demandante declaró que el demandado ocupaba casi veintidós metros cuadrados de los terrenos de la demandante. Que ''tres metros de la casa están en terreno que pertenece a El Pueblo de Puerto Rico y los demás en la propiedad de nosotros.'' Al preguntársele por los linderos de los veintidós metros este testigo replicó: ''Tres metros colindan con el mar y siete con nosotros.''

Otro testigo, agrimensor, declaró: que la casa del demandado tenía tres metros de ancho y ocho metros de largo; que seis metros cuadrados de la misma estaban en terrenos del gobierno y el resto que eran veinte y pico de metros cuadrados estaba en el solar de la demandante; que el terreno ocupado por el demandado lindaba por el norte con la zona marítima perteneciente a El Pueblo de Puerto Rico y por los otros tres lados con terrenos pertenecientes a la demandante.

La casa estaba ubicada en el lindero norte del solar de la demandante. Nada había que demostrara si el límite norte corría de este a oeste o en dirección más o menos de este a oeste. Nada había que revelara si los extremos de la casa eran paralelos y perpendiculares al lindero norte del solar o en alguna otra forma. Nada había que indicara si la parte de la zona marítima ocupada por la casa era triangular o cuadrangular. De ser cuadrangular nada había que denotara si la figura resultante era un paralelógramo o un trapezoide. Si el área de esa porción era seis metros cuadrados y las dimensiones de la casa eran tres por ocho metros, entonces el área de esa porción del terreno de la demandante efectivamente ocupada por la casa del demandado era diez y ocho metros cuadrados, no veinte y pico de metros ni ''casi veintidós metros cuadrados.'' No había base satisfactoria alguna para un cálculo aritmético.

No existían signos materiales mediante los cuales el demandado o el márshal de la corte de distrito pudieran determinar sin ayuda de un agrimensor la situación exacta del lindero norte en el lugar en que estaba enclavada la casa.

La corte de distrito no podía ordenar al demandado que desalojara, removiera o destruyera, aquella parte de la casa que estaba ubicada en terreno perteneciente a El Pueblo de Puerto Rico. La prueba no puso a la corte en condiciones de informar al demandado o al márshal con certeza razonable qué parte de la casa debía ser desocupada, removida o destruída.

No hallamos error alguno en el criterio de la corte de distrito respecto a la identificación inadecuada de aquella parte de la propiedad de la demandante ocupada por el demandado. De ello se desprende que la corte inferior no cometió error alguno al declarar sin lugar la demanda.

*Debe confirmarse la sentencia apelada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.